UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID M. BROWNING, RECEIVER,** | ) | Case No. 1:13 CV 1549 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **and** |
| **GOTHAM KING FEE OWNER, LLC,** | ) | **ORDER OF REMAND** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court is the Motion to Remand to State Court filed by Plaintiff David M. Browning, Receiver (**Doc #: 4** ("Motion")). The Court has reviewed the Motion, Defendants' Opposition to the Motion (Doc #: 6 ("Opposition")), and Plaintiff's Reply (Doc #: 7 ("Reply")). For the reasons to follow, the Court **GRANTS** the Motion.

**I.**

On May 23, 2012, U.S. Bank filed a foreclosure action against, and an emergency motion for the appointment of a receiver for, Gotham King Fee Owner, LLC ("Gotham Owner"), which case was assigned to Common Pleas Judge Peter Corrigan under Case No. CV-12-783271. The case was immediately referred to a Magistrate Judge for pretrial management. On May 30, the emergency motion was granted and the court appointed David Browning as Receiver. Daily if not weekly, the state court has been inundated with litigation between Gotham Owner and its Receiver – not to mention U.S. Bank's effort to obtain discovery from Gotham Owner. The state court held a case management conference in October of last year setting deadlines for discovery

(2/19/13) and dispositive motions (6/11/13). Following several extensions, the deadlines are now 8/26/13 for all discovery, 10/7/13 for all expert reports, and 11/14/13 for filing dispositive motions. The state court has advised that it will not entertain any further extensions for discovery or expert reports.

On May 31, 2013, Receiver Browning filed a separate complaint in Cuyahoga County Common Pleas Court against Gotham Owner, Gotham King Ohio, LLC, and Gotham King Investors, LLC (collectively, "the Gotham Defendants"). (Doc #: 1-2.) That complaint, Case No. CV-13-808321, seeks declaratory judgment and an accounting, and asserts a claim for breach of contract. (Id.) Essentially, the complaint alleges that on March 16, 2007, Gotham Owner entered into an Open Ended Mortgage and Security Agreement in the amount of $135,000,000. (Id. ¶ 14.) The property subject to the mortgage, and now the foreclosure action, are nine commercial real estate buildings located in Cuyahoga County, Ohio ("the property"). (Id. ¶ 13.) As part of the rents due to Gotham Owner, tenants of the commercial properties were required to pre-pay funds to maintain the property's common areas (CAM charges) and cover utilities (Utility charges). Pursuant to the leases, Gotham Owner was required, within a reasonable time after the years' end, to prepare reconciliations of the CAM and Utility Charges for each of the properties and provide those reconciliations to the tenants. Tenants who overpaid the charges were entitled to receive refunds or credits for the next year's CAM and Utility charges. Although Gotham Owner prepared reconciliations for years 2009 through 2011 and identified tenants to whom refunds or credits were owed (i.e., "qualifying tenants"), it neither provided the reconciliations to those tenants nor offered them refunds or credits. Rather, after December 31, 2009, Gotham Owner retained the overages and allegedly transferred or

distributed the overages to their parents, affiliates and/or investors (i.e., the Gotham Defendants) – which information and/or assets they have concealed from the Receiver and the state court during litigation of the foreclosure action.

The Receiver asserts that it now stands in the shoes of Gotham Owner with regard to the property and is charged with refunding or crediting overages incurred over the term of the leases to qualifying tenants. As such, the Receiver has prepared the 2009 through 2011 reconciliations, provided them to the qualifying tenants, refunded or credited their accounts, and is subrogated to their claims against the Gotham Defendants for breach of the leases. The case was assigned to Common Pleas Judge Stuart Friedman. (Id.) Summons' were issued to Defendants on June 11, 2013. (Doc #: 1-1.)

On June 25, 2013, Receiver Browning filed a motion to consolidate this case with Judge Corrigan's foreclosure case. On July 5, 2013, Gotham Owner filed a motion for an extension of time to respond to the Receiver's consolidation motion – which motion was granted. On July 17, 2013, the Gotham Defendants removed the case to federal court based on diversity jurisdiction, and the case was assigned to me.

On August 5, 2013, the Receiver filed the pending Motion to Remand to State Court. (Doc #: 4.) Therein, the Receiver asserts that this case is parallel to the state court foreclosure case and that it is within the Court's discretion, regardless of subject matter jurisdiction, to remand such action when the state court proceeding would avoid piecemeal litigation and inconsistent rulings. (Id.)

On August 22, 2013, Defendants filed an opposition brief. (Doc #: 6.) Defendants contend there can be no parallel state court action because that action was removed and is pending in this very court.

The Receiver again replies that it is within the district court's discretion to abstain from accepting jurisdiction in this case in deference to the ongoing, substantially related foreclosure action – from which this case is derived. The Receiver's claims are intended to clarify the Receiver's relationship to the property vis-a-vis the Order Appointing Receiver and the lease contracts associated with the property, and to recover assets that should have been disclosed and delivered to the Receiver in the foreclosure case.

## II.

"[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (internal citations omitted). Before the *Colorado River* doctrine may be applied, the district court must first determine that the concurrent state and federal actions are parallel. *Id*. (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984)). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340; *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, (11th Cir. 2004). *See also New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.,* 946 F.2d 1072, 1073 (4th Cir. 1991) ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.") The

decision to abstain rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *Colorado River*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equip., Co.*, 342 U.S. 180, 183 (1952).

      The Court finds that this action is sufficiently similar to the foreclosure proceeding so as to warrant abstention and remand under *Colorado River*. The Receiver's authority to bring such action emanates from his appointment by the state court judge in the foreclosure action. According to the Order Appointing Receiver, the state court judge authorized and directed David Browning "to take and have complete and exclusive possession, custody, control, management, operation and charge of the Property and any rents, income, issues and profits arising therefrom." (Doc #: 4-2 at 3.) He authorized and directed Mr. Browning "to manage and conserve the assets of the Property and to demand, collect and receive the rents, issues and profits arising from the Property due and becoming due during the term of the receivership." (Id.) As relates to this case, the state court judge authorized Mr. Browning, "in consultation with and upon prior written approval of the Noteholder,[1] . . . to institute and prosecute all proceedings and actions at law or in equity as may in its judgment be necessary for the proper maintenance, management, operation and protection of the Property, including actions to recover rents, revenue, profits and other income due with respect to the Property." (Id. at 7 (emphasis added).) The Receiver's subrogation, declaratory judgment and accounting claims in the complaint derive directly from, and relate directly to, the state-court foreclosure action. Furthermore, Defendants

---

[1] In July 2013, LSREF2 OREO, LLC was substituted for U.S. Bank as plaintiff in the foreclosure action, based on LSREF2's assertion that it purchased the relevant note. (Opposition at 1.)

in this action are either named in the foreclosure action or are intimately related parties by virtue of what appears to be an enmeshed ownership structure.[2]

Additionally, as pointed out by the Receiver, the cases Defendants cite that prohibit the Court from remanding this case are all distinguishable. (See Reply at 2.)

Once the district court finds the proceedings sufficiently parallel, it is within its discretion to abstain under *Colorado River* after considering the following factors:

(1)     whether the state court has assumed jurisdiction over any res or property;

(2)     whether the federal forum is less convenient to the parties;

(3)     avoidance of piecemeal litigation;

(4)     the order in which jurisdiction was obtained;

(5)     whether the source of governing law is state or federal;

(6)     the adequacy of the state court action to protect the federal plaintiff's rights;

(7)     the relative progress of the state and federal proceedings; and

(8)     the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 341-42 (citing *Colorado River*, 424 U.S. at 818-19). It is not necessary that each factor weighs in favor of remand, nor are these factors exhaustive. *Id*.

Here are the Court's reasons for remanding this case. To begin, the state court assumed jurisdiction over the property more than a year ago. The parties have been undergoing discovery during that time and it is undisputed that the parties in the foreclosure action have already conducted discovery on the CAM reconciliation issue. (See Opposition at 2; Reply at 2.) The

---

[2]According to the complaint, Defendant Gotham King Ohio is the sole member of Gotham Owner; Defendant Gotham King Investor is the sole member of Gotham King Ohio; Gotham King Manager LLC is the sole member of Gotham Investor; and Charles Ishay is the managing member of Gotham King Manager. (Doc #: 1-2 at 3.)

deadline for filing dispositive motions is less than three months away.  The governing law is state law.  No court is in a better position to determine matters of state law than the state court – where rulings are appealed to the Ohio Court of Appeals and the Ohio Supreme Court.  And there are no substantive federal rights to be adjudicated.  After a year of litigation, the state court is well-versed in the issues being raised in this case.  The state court is certainly competent to protect the Gotham Defendants' rights as it is sitting in judgment of Gotham Owner as we speak.  Weighing strongly in favor of remand is the avoidance of piecemeal litigation and inconsistent rulings.  Finally, given the impact of the sequestration on the federal judicial budget, judicial economy tips the scales in favor of abstention and remand.

### III.

For all these reasons, the Court hereby **GRANTS** the Motion to Remand to State Court filed by Plaintiff David M. Browning, Receiver (**Doc #: 4**).

Accordingly, the Court **ORDERS** the Clerk of Court to **REMAND** this case to the state court from which is was removed – where it may be consolidated with the parallel foreclosure action.

    /s/ Dan A. Polster     September 4, 2013  
    **Dan Aaron Polster**  
    **United States District Judge**